Curia, per
Johnsox, J.
It is objected that the presiding Judge misdirected the jury in charging them that this instrument gave the plaintiff a fair claim on the estate of the intestate for as much as her interest in the house was worth, at the time it was sold. The natural import of the terms used in the first part of this paper, would unquestionably give itthe effect and operation of a will. By the term give, a voluntary donation is strongly implied, and the provision that is to take effect after his death su-peradds all the properties of a will. If it is to receive this interpretation, then the sale of the house by F. Bre-mar in his life time was an ademption of the legacy and the plaintiff took no interest under it. It is impossible, I think, by any rule of interpretation so to construe this paper as to vest any interest in possession in the plaintiff; the paper itself does not profess to convey any; on the contrary, it is limited to take effect at the death of the intestate; and it is one of the settled rules of the Common Law that a fee cannot be created to take effect in futuro. *15 2 Blackstone Comm. 165. 2 Wcodd. ITT; and such a deed would therefore, be void. It is urged, however, that this rule is abrogated in this country by the substitution of the delivery of the deed instead of the Common Law mode of passing it by livery of seisen. But I apprehend that the delivery of the deed could not operate to vest a fee eo instanti in opposition to its express provision. The fee can never be in abeyance; and the principle on which the rule is founded, I take to be this, that the power of disposing of the fee is inseparable from the person in whom it is vested, and so long as it abides there the power remains. It follows, therefore, that the plaintiff had no interest in possession in the house and lot at the time of the sale. It has been further insisted that although it may not operate to vest an interest in possession, it is good as a covenant to stand seized to the use of the plaintiff; but to support such a covenant there must be either a good or valuable consideration. A general consideration, it is true, is expressed on this paper by the terms “having received full value;” but it must be recollected that the object of introducing it in evidence is in effect to recover for a breach of the covenant, and, as the recovery in an action founded on such acovenant must be measured by the consideration paid, it is impossible to judge of it from this general expression, and hence the rule that a general consideration, such for instance as “ divers good causes and considerations,” is not sufficient to support such a covenant. See Com. Digest, Title Cov. 9. 4. 5. and the cases there cited. It follows, therefore, that the plaintiff took nothing under this paper, whether it be regarded as a will or deed; nor can it operate as a covenant to stand seized to her use: so that in fact there was no interest arising out of it which entitled her either in Law or Equity to any claim or demand against the intestate, Bre-mar, or the defendant his legal representative. The *16 charge of the presiding Judge was, therefore, calculated to mislead the. jury in this respect and for that reason a new trial is granted.

Motion granted.